WARD and Another *v.* CRANE and Another.

Though a person who has had quiet possession of an estate for three years, and whose interest remains undetermined, is protected by statute from the action of forcible entry and detainer,—yet the declaration in this action need not deny the existence of such a possession or the continuance of the estate.

An appellate Court must presume, the record showing nothing to the contrary, that the evidence in the Court below was sufficient to authorise the judgment.

The circumstance, that the forcible entry and detainer complained of, appears by the declaration to have been committed beyond the time limited by the statute, is no cause for arresting or reversing the judgment for the plaintiff.

A conveyance of the real estate of an intestate by his administrator, and by his widow as the guardian of his children, is not valid, unless the grantors had some special authority for making it.

In an action of forcible entry and detainer, the verdict for the plaintiff in the Circuit Court, on appeal, must be signed by all the jurors.

ERROR to the *Jackson* Circuit Court.

BLACKFORD, J.—On the 4th of *August*, 1832, two justices of the peace filed in the clerk's office of the Circuit Court, a transcript of certain proceedings, which had taken place before them, in an action of forcible entry and detainer. The suit was commenced by *Phebe Ann Crane* and *Emeline Crane*, minors, by their next friend, against *John Ward* and *Ebenezer Douglass*. The complaint was, that on the —— day of ——, 1829, the defendants, with force and arms, at, &c. made an unlawful and a forcible entry into a tract of land, which is particularly described, and expelled the complainants out of said land, and with strong hand possess the same, and deforce the said complainants therefrom, and still keep them out of the possession thereof. There was a trial before the justices on the 5th of *July*, 1832, and a verdict and judgment rendered for the defendants. The plaintiffs appealed to the Circuit Court. The defendants pleaded not guilty. Verdict and judgment in the Circuit Court for the plaintiffs.

The first error assigned is, that the record does not show but that the defendants had been in quiet possession for three years next before the bringing of the action. This objection is founded on the clause in the act respecting forcible entries and detainers, which enacts that the law shall not extend to any person who has had the occupancy, or been in quiet possession, of the premises, for three years next before suit brought,

and whose estate therein is not determined. R. C. 1831, p. 268. There is no ground for this objection. It is true, that it does not appear on the face of the complaint, that the defendants had not been in possession for three years; nor was it necessary that that fact should appear in the complaint. Had the defendants wished to avail themselves of the limitation in the statute, they should have specially pleaded their quiet possession for the time prescribed, and the continuance of their estate. Supposing, however, that the plaintiffs were bound, under the general issue, to prove the entry or detainer charged, to have taken place within three years, yet the record does not show but that such proof was given. If the evidence was necessary to support the action, we must presume, the contrary not appearing, that it was given. The idea that the day on which the offence was committed, should appear by the complaint to have been within three years before suit brought, is erroneous. The day in this case, as in declarations in trespass, is immaterial. The plaintiff, in his proof, is not confined to the time laid. He may show that the offence was committed at a period long subsequent to that stated in the complaint. Consequently, the circumstance of the offence appearing, by the declaration, to have been committed before the limited time, is no cause for arresting or reversing the judgment. 2 Saund. R. 63 a, note.

The second objection is, that the transcript of the proceedings before the justices was filed in the clerk's office of the Circuit Court, on the 4th of *August,* 1832, but that no notice was taken of the cause until the *March* term, 1833, notwithstanding there had been a term of the Court in *September,* 1832. In answer to this, it is only necessary to observe, that the defect in the record as to this point has, on a suggestion of diminution, been supplied. An amendment to the record has been sent up, which shows that, at the *September* term, 1832, the cause was on the docket, and was continued.

The third ground relied on is, that a deed executed by *Griffith* and Mrs. *Crane,* which was offered in evidence by the defendants below and rejected, should have been admitted. That deed shows on its face, that the land in question was the property of *Jabez Crane,* the plaintiffs' father, at the time of his decease. It is intended, among other things, as a conveyance of the land by *Griffith,* as administrator of *Crane's* estate, and by Mrs. *Crane,* as the guardian of his children, to *John Ward,*

one of the defendants, and to *Asa Crane.* This deed could not affect the title of the plaintiffs, unless the administrator or guardian had some special authority for making it. No such authority is shown. It is contended, however, that this deed of the administrator and guardian was admissible to prove the nature of the defendants' entry and possession. But, assuming that to be the case, there is nothing to show either that *Griffith* was the administrator, or Mrs. *Crane* the guardian, as they have thought proper to call themselves. Without proof of the character assumed by the grantors, the deed was, at all events, inadmissible as evidence; and, as the record is silent on the subject, we are bound to presume, if the presumption be necessary to support the judgment, that no such proof was given.

There is one other error assigned. It is this, that the verdict is not signed by all the jurors. This objection is fatal. The question was decided by this Court in the case of *Test* v. *Devers, November* term, 1827, under the statute of 1824 (1). We adhere to that decision. The statute of 1831, under which the present case occurred, is the same with that of 1824. The judgment, on this last ground relied on by the plaintiffs in error, is erroneous.

*Per Curiam.*—The judgment is reversed, and the verdict set aside with costs. Cause remanded, &c.

*H. P. Thornton* and *J. H. Farnham,* for the plaintiffs.

*C. Dewey* and *A. C. Griffith,* for the defendants.

(1) Vol. 2, of these Rep. 80.